# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC, a limited liability company**

    **Plaintiff,**

v.                                         Case No: 5:22-cv-307-JA-PRL

**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.24.108.186,**

    **Defendant.**

## ORDER

Before the Court in this copyright infringement action is the plaintiff's motion for leave to file its first Amended Complaint, proposed summons, and return of service under seal. (Doc. 14). Because there is neither good cause nor compelling justification for filing under seal, the motion is **denied**.

After serving a third-party subpoena on Defendant's internet service provider, Plaintiff obtained Defendant's identifying information.[1] *Id.* Plaintiff then filed its first Amended Complaint, redacting the defendant's name, address, and factual information linking the defendant to the infringement at issue in this case. *Id.* Now, Plaintiff seeks to file under seal the unredacted versions of the first Amended Complaint, summons, and return of service.

It is axiomatic that "[l]awsuits are public events," *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam), and thus there is a "customary and constitutionally-embedded

---

[1] Plaintiff represents that "[b]ased on the investigation of the subscriber and publicly available resources, [it] identified the subscriber as the Defendant/true infringer." (Doc. 14 at 2).

presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). In the Eleventh Circuit, a party may proceed anonymously only in "exceptional cases." *Frank*, 951 F.2d at 324. In determining whether a party may proceed anonymously, the Eleventh Circuit identifies several factors for courts to consider, including whether: 1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) the party would be threatened by violence or physical harm if they proceeded in their real name; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (first citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979); then citing *Stegall*, 653 F.2d 180). The Eleventh Circuit has explained these factors are not exhaustive nor is any factor intended to be dispositive, stressing that the determination ultimately involves consideration of "all the circumstances of a given case[.]" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323).

   Here, Plaintiff states that although it "is aware of Defendant's identify, [it] is sensitive to Defendant's privacy concerns and otherwise believes that allowing Defendant to proceed anonymously serves the parties' interests because the copyrighted works at issue in this lawsuit involve adult content." (Doc. 14 at 2). Plaintiff states that Defendant's identifying information redacted in the Amended Complaint is central to its claim and includes Defendant's name, address, and additional factual information which directly links the Defendant to the infringement. *Id.* Further, Plaintiff argues that, "to avoid embarrassment to

defendants in BitTorrent cases involving adult content, some courts in this Circuit have entered protective orders precluding [a] Plaintiff from publicly disclosing defendants' identifying information." *Id.* at 3 (first citing *Strike 3 Holdings, LLC v. Doe*, No. 3:19-CV-508-J-34JRK, 2019 WL 5722173 (M.D. Fla. Nov. 5, 2019); then citing *Malibu Media, LLC v. Doe*, No. 1:14-CV-23142-KMM, 2014 WL 12605503, at *1 (S.D. Fla. Sept. 29, 2014)).

Unlike the cases Plaintiff cites, here, it represents that it has correctly identified Defendant as the infringer. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 5722173, at *1 (noting there "is a substantial risk that a non-infringing party could be identified and served"); *Malibu Media, LLC v. Doe*, 2014 WL 12605503, at *1 (noting complaint filed "against a yet-to-be-identified [d]efendant"). Moreover, this case does not appear to implicate any of the issues that generally result in permission to proceed anonymously. *See, e.g.*, *Stegall*, 653 F.2d at 186 (allowing party to proceed anonymously where case involved religion, challenged government action, and generated "threats of violence"); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685-87 (11th Cir. 2001) (permitting plaintiff to proceed anonymously in case involving abortion, "the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity."); *Francis*, 631 F.3d at 1316-17 (permitting plaintiffs to proceed anonymously in case involving dissemination of materials depicting them nude and engaging in explicit sexual conduct while they were minors).

Having considered the *Francis* factors in light of the proffered basis for the motion, none appear to weigh in favor of the requested relief. Further, the motion is due to be denied because it fails to meet several requirements of Local Rule 1.11, that governs this request for sealing. M.D. Fla. Local Rule 1.11. Likewise, embarrassment alone fails to amount to good cause or compelling justification to permit filing under seal. *See id.*; *see also Doe v. Neverson*, 820

F. App'x 984, 987 (11th Cir. 2020) ("'personal embarrassment' alone does not justify proceeding under a pseudonym [or anonymously].") (citing *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019)); *see also Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1209 (D.C. Cir. 2020) ("The mere fact that a defendant may be embarrassed to have his name connected to pornographic websites is not a proper basis on which to diminish a copyright holder's otherwise enforceable property rights."); *see also E.K. v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:22-cv-1919-RBD-DCI, 2022 U.S. Dist. LEXIS 200756, at *6 (M.D. Fla. Nov. 3, 2022) (denying motion to file under seal or with redactions because plaintiffs failed to offer evidence demonstrating "concern[] about their reputations" was more than mere speculation).

Accordingly, and upon due consideration, it is **ORDERED** that:

1. The motion (Doc. 14), is **DENIED**;

2. The plaintiff shall have until January 26, 2023, to file an unredacted complaint; and,

3. The plaintiff shall have until February 2, 2023, to effect service of it.

**DONE** and **ORDERED** in Ocala, Florida on January 5, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties